KURT E. WILSON, ESQ. (CADL 121163)
**SWEENEY, MASON, WILSON & BOSOMWORTH**
A Professional Law Corporation
983 University Avenue, Suite 104C
Los Gatos, CA  95032-7637
Telephone:  (408) 356-3000
Facsimile:  (408) 354-8839

Attorneys for Plaintiff
RUTBERG & COMPANY, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUTBERG & COMPANY, LLC,<br><br>　　　Plaintiff,<br><br>v.<br><br>NSB ADVISORS, LLC<br><br>　　　Defendant. | CASE NO.<br><br>**COMPLAINT FOR BREACH OF CONTRACT, QUANTUM MERUIT AND FRAUD**<br><br>**DEMAND FOR JURY TRIAL** |

　　　Plaintiff alleges:

## **PARTIES**

　　　1.　　Plaintiff RUTBERG & COMPANY, LLC ("Rutberg") is, and at all times herein mentioned, is a Delaware corporation with its principle place of business in San Francisco, California.

　　　2.　　Plaintiffs are informed and believe and thereon allege that Defendant NSB ADVISORS, LLC ("NSB") is, and at all times herein mentioned, is a Maryland corporation with its principle place of business in Fishkill, New York.

## **JURISDICTION AND VENUE**

　　　3.　　The jurisdiction of this Court of the subject matter of this action is predicated on 28 USC Section 1322.  Plaintiff is a citizen of California, and Plaintiff is informed and believes and thereon alleges that Defendant is a citizen of NewYork.  The amount in controversy exceeds $500,000.

  4. Plaintiff resides in this District.  The contract alleged herein was formed in this District.  The breaches of contract alleged herein occurred in this District.  The false promises and omissions alleged herein were intended to and did induce actions and inaction by Plaintiff in this District.

  5. NSB engaged in business in the State of California in this District under the name "NSB Advisors, LLC."

  6. Attached as **Exhibit A** is a copy of the parties' written contract (the "Agreement").  Almost all of the work performed under the Agreement was performed in San Francisco, California.

## FIRST CAUSE OF ACTION

### (*Breach of Contract*)

  7. Plaintiff incorporates herein paragraphs 1 to 5.

  8. In late March, 2012, Defendant's employee Jeffery Schlesinger contacted Plaintiff's employee Robert Harris in San Francisco to discuss whether or not Plaintiff would assist Defendant in selling its shares in Globecomm Systems.  Mr. Harris, Plaintiff's employee Barry Newman and Mr. Schlesinger, together with Defendant's employee Bill Nicklin, thereafter began negotiations for an agreement between Plaintiff and Defendant.  Initially, the parties had discussed an agreement pursuant to which Plaintiff would be entitled to compensation based on the price and speed of the sale of Globecomm Systems stock.  In late May, 2013, however, Defendant disclosed to Plaintiff certain critical facts: Defendant's liquidity situation had become untenable and it desperately needed to dispose of its Globecomm Systems shares, and Defendant had already significantly reduced its Globecomm Systems shares.  Accordingly, the parties (through Mr. Schlesinger, Mr. Harris, Mr. Newman and Mr. Nicklin) expressly agreed that the parties' agreement would be that Plaintiff would be entitled to compensation of $0.15 per share sold irrespective of whether Plaintiff's work resulted in a buyer.  The reasons for the parties agreement to this were that the Defendant wanted all efforts to find a buyer to continue but could not agree to sell any shares to any buyer identified.  The parties drafted the Agreement (copy attached as Exhibit A) together, with the express intent that Plaintiff would be entitled to compensation of $0.15 per share sold irrespective of whether Plaintiff's efforts resulted in the sales.  As stated in the Agreement, a "Transaction" is the sale to a purchaser or

1  purchasers of stock in Globecomm Systems, and the Agreement provides that Plaintiff is
2  Defendant's exclusive broker in connection with sales of stock in Globecomm Systems. As stated in
3  Section 7 of the Agreement, Plaintiff is entitled to the $0.15 fee on any sale by any purchaser who
4  contacts Defendant through Plaintiff or contacts Defendant "independently of" Plaintiff.

5      9. Plaintiff performed hundreds of hours of work under the Agreement, almost all of it
6  in San Francisco, but was prevented from continuing to find a buyer because in September, 2012,
7  Defendant instructed Plaintiff to hold off its work because Defendant thought Globecomm Systems
8  was in merger discussions. Additionally, Defendant refused to change its SEC filing status. The
9  value of this work exceeds $100,000.

10      10. In late 2012, Plaintiff learned that Defendant had been selling Globecomm Systems
11  shares without compensating Plaintiff pursuant to the Agreement. Plaintiff does not know how
12  many shares were sold, but believes that over 8M shares have been sold and so Plaintiff's damages
13  exceed $1,200,000.

14  <b><u>SECOND CAUSE OF ACTION</u></b>
15  (<b><i>Quantum Meruit</i></b>)

16      11. Plaintiff incorporates herein paragraphs 1 to 10.

17  <b><u>THIRD CAUSE OF ACTION</u></b>
18  (<b><i>Fraud</i></b>)

19      12. Plaintiff incorporates herein paragraphs 1 to 11.

20      13. Defendant's promises and representations to Plaintiff as alleged above were false
21  when made and Defendant had no intent to honor its promises and representations. Defendant's
22  promises and representations were made with the intent to deceive and defraud Plaintiff, and did
23  deceive and defraud Plaintiff. Plaintiff relied on the promises and representations by spending
24  hundreds of hours performing work. Defendant's conduct was fraudulent, entitling Plaintiff to
25  recover punitive damages.

26  ///
27  ///
28  ///

WHEREFORE, Plaintiff prays for judgment as follows:

FIRST CAUSE OF ACTION

1. For compensatory damages subject to proof at trial.
2. For interest on such damages at the prevailing legal rate of ten percent (10%) per annum;
3. For costs of suit incurred;
4. For such other and further relief as this Court shall deem just and proper.

SECOND CAUSE OF ACTION

1. For compensatory damages subject to proof at trial.
2. For interest on such damages at the prevailing legal rate of ten percent (10%) per annum;
3. For punitive damages subject to proof at trial;
4. For costs of suit incurred;
5. For such other and further relief as this Court shall deem just and proper.

THIRD CAUSE OF ACTION

1. For compensatory damages subject to proof at trial.
2. For interest on such damages at the prevailing legal rate of ten percent (10%) per annum;
3. For punitive damages subject to proof at trial;
4. For costs of suit incurred;
5. For such other and further relief as this Court shall deem just and proper.

Dated: October 28, 2013   **SWEENEY, MASON, WILSON & BOSOMWORTH**

By: /S/ Kurt E. Wilson, Esq.
KURT E. WILSON, ESQ.,
Attorneys for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury to the extent authorized by law.

Dated: October 28, 2013          **SWEENEY, MASON, WILSON & BOSOMWORTH**

By: /S/ Kurt E. Wilson, Esq.
    KURT E. WILSON, ESQ.,
    Attorneys for Plaintiff